**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4512

ERNEST WELDON FOWLER, a/k/a
Duncie Fowler,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CR-96-188)

Submitted: August 18, 1998

Decided: September 21, 1998

Before ERVIN, WILKINS, and MOTZ, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas C. Manning, MANNING & CROUCH, Raleigh, North Caro-
lina, for Appellant. Anne Margaret Hayes, OFFICE OF THE
UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ernest W. Fowler appeals from his conviction for conspiracy to possess with intent to distribute crack cocaine alleging that the district court erred by determining that 1500 grams were attributable to him.[1] His attorney has filed a brief under Anders v. California, 386 U.S. 738 (1967). For the following reasons, we dismiss.

At his plea hearing, Fowler waived his right to appeal his sentence based upon a waiver-of-appeal-rights provision in his plea agreement.[2] Such a waiver is enforceable against a defendant so long as it is "the result of a knowing and intelligent decision to forego the right to appeal." United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991). See also United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). The record reveals that at the plea hearing the district court explicitly explained to Fowler (and that Fowler understood) that he was waiving his right to appeal any sentence as contained in his plea agreement, unless the court departed upwardly from the guideline range established at sentencing.[3] The record also reveals that the district court fully complied with the dictates of Fed. R. Crim. P. 11. Finally, Fowler does not raise any grounds beyond the scope of his appellate waiver. See generally Marin, 961 F.2d at 496 (plea agreement cannot waive appellate review of a sentence imposed in excess of the statutory maximum or one based on a constitutionally impermissible factor such as race).

Accordingly we conclude that Fowler knowingly and voluntarily waived his right to appeal his sentence, see Wessells, 936 F.2d at 167,

_____

[1] Fowler did not file a pro se informal brief.
[2] See (JA at p. 11-12 ¶ 2(b)).
[3] Fowler was sentenced within his Guideline range to 324 months of imprisonment.

2

and thus he is foreclosed from contesting the amount of drugs the court found attributable to him at sentencing. Accordingly, we dismiss the appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for writ of certiorari. If counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We deny counsel's motion to withdraw at this time. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3